**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Oronde Coleman,<br><br>Plaintiff<br><br>vs.<br><br>L.V.M.P.D, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-01516-JAD-MDC<br><br>**ORDER RE: SERVICE TO DEFENDANT** |

On May 7, 2026, the District Judge issued an Order ("05/07/2026 Order") (ECF No. 3) granting *pro se* prisoner plaintiff's Application to proceed *in forma pauperis* and allowing his Fourteenth Amendment claim against defendant "C. Helms" ("defendant") to proceed in this case. The District Judge directed the General Counsel's Office of the Las Vegas Metropolitan Police Department ("General Counsel's Office") to file a notice within 21 days that identifies: "(a) the names of the defendant(s) for whom it accepts service; (b) the names of the defendant(s) for whom it does not accept service, and (c) the names of the defendant(s) for whom it is filing a last known address under seal." *ECF No. 3* at 7. The District Judge also ordered that for "any defendant(s) for whom the General Counsel's Office cannot accept service, the General Counsel's Office must file under seal the last known address of those defendant(s) for whom it has such information." *Id.*

Plaintiff also had 90 days from the date of the 05/07/2026 Order to complete service. *Id.* at 8. The Court further directed plaintiff to file a motion identifying the unserved defendant and requesting summons if the General Counsel's Office could not accept service. *Id.* at 7.

The General Counsel's Office filed its Response Notice on May 27, 2025 ("Notice") (ECF No. 5), which indicated that defendant's real name is Christopher Heim and that he is retired from the Las Vegas Metropolitan Police Department. The General Counsel's Notice did not state whether or not it could accept

service for defendant Heim. Instead, the Notice provided the last known address of defendant. Based on the information provided in the Notice, it appears the General Counsel's Office cannot accept service on defendant Heim's behalf.

However, the Notice was filed under seal and not served upon plaintiff. Therefore, plaintiff did not receive notice on whether the General Counsel's Office is going to accept service on defendant Heim's behalf or not. Given the circumstances, the Court *sua sponte* extends the time for plaintiff to complete service and provides the following order to provide directions for plaintiff to serve defendant Heim.

ACCORDINGLY,

**IT IS ORDERED** that:

1. The Clerk of Court is kindly directed to issue summons to defendant Christopher Heim.
2. The Clerk of Court is kindly directed to send to the <u>U.S Marshals Service</u>:
    a. A copy of the summons issued to defendant Heim;
    b. One copy of the Complaint (ECF No. 4);
    c. One copy of the Court's 05/07/26 Screening Order (ECF No. 3)
    d. One copy of this Order; and
    e. One copy of the sealed Notice (ECF No. 5) which contains the address for defendant Heim.
3. The Clerk of Court is kindly directed to please send to <u>plaintiff</u> one USM-285 form together with a copy of this Order.
4. Plaintiff shall then have until **January 4, 2027** to complete the USM-285 form to the best of his ability and return it to the U.S. Marshals Service, 333 Las Vegas Blvd. South, Las Vegas, NV, Nevada 89101. Plaintiff shall not fill out of the address for defendant Heim in the form because the address will be filled in by the U.S. Marshals Service using the addresses provided in the sealed Notice (ECF No. 5).

5. After the U.S. Marshals Service receives the USM-285 form filled out by plaintiff, they shall complete the form by adding the last known address for defendant Heim that is identified in the Notice (ECF No. 5). The U.S. Marshals Service shall then personally serve and deliver copies of the (i) summons; (ii) Complaint (ECF No. 4); (iii) 05/07/2026 Screening Order (ECF No. 3); and (iv) this Order to defendant Heim at that same address. Thereafter, the U.S. Marshals Service shall the send to plaintiff a copy of that USM-285 form further identifying the status of service upon defendant Heim.

6. The U.S. Marshals Service or plaintiff shall then file the USM-285 Form by **February 22, 2027,** showing the status of service (in other words, "proof of service").

7. If plaintiff does not file a proof of service by **February 22, 2027**, this case may be dismissed.

Dated: November 24, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d

1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.